UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| UNITED STATES OF AMERICA, | Case No. 2:08-cr-0025-KJD-CWH |
|---|---|
| Plaintiff, | **ORDER** |
| v. | |
| LORENZO TUCKER, | |
| Defendant. | |

Before the Court is defendant Lorenzo Tucker's Motion for Accreditation of Jail Time (ECF No. 289). The government has not responded, nor is their response necessary. Tucker challenges the Bureau of Prisons' calculation of his pre-sentence time in custody. The dispute apparently boils down to a twenty-five-day period where Tucker was in state custody while awaiting transfer to federal custody. According to Tucker, the Bureau of Prisons ("BOP") will not credit that time towards his time served. He now asks the Court to subtract those twenty-five days from his overall sentence. However, credit for time served is calculated exclusively by the Bureau of Prisons. Therefore, inasmuch as Tucker asks the Court to overrule the BOP's calculation of his time served, his motion is denied.

Tucker is currently incarcerated for violating the terms of his supervised release. Those terms of release include a no-contact provision that prohibits Tucker from contacting or approaching Janna Foxworth or Lorenzo Tucker IV. Judgment 5, ECF No. 229. Tucker violated the no-contact condition of release when he visited the home of Janna Foxworth on January 26, 2018. Pet. for Warrant 3, ECF No. 261. Tucker admitted to the violation in a hearing on November 21, 2019, and the Court sentenced him to eight months incarceration. Judgment, ECF No. 287. This motion followed.

The calculation for a term of imprisonment is governed by 18 U.S.C. § 3585. Generally, a

defendant receives credit for time served prior to his conviction. 18 U.S.C. § 3585(b)(1)–(2). The calculation of time served falls exclusively within the authority of the Bureau of Prisons. United States v. Wilson, 503 U.S. 329, 334–35 (1992). Indeed, the "BOP, rather than the sentencing court, calculates the defendant's entitlement to sentencing credit under § 3585(b) in the first instance." Zavala v. Ives, 785 F.3d 367, 370 n.3 (9th Cir. 2015) (citing Wilson, 503 U.S. at 335). If the defendant disputes the BOP's calculation, he may challenge the finding by filing a writ of habeas corpus under the appropriate habeas statute. Id. (citing United States v. Giddings, 740 F.2d 770, 772 (9th Cir. 1984).

Tucker has challenged the BOP's sentence calculation by motion, which is not the appropriate avenue of relief. Even if it were, the Court cannot compel the BOP to alter or amend its calculation. Tucker acknowledges as much in his motion. There he states, "Petitioner realizes *the Court . . . can only recommend* that the BOP accredit his Jail Time Credit." Mot. to Accredit 3, ECF No. 289 (emphasis added). As far as the Court can tell, its authority extends as far as recommending that the BOP reevaluate Tucker's time served according to its own policies and procedures. However, the Court will not order the BOP to credit the twenty-five days that Tucker claims he is owed.

Accordingly, IT IS HEREBY ORDERED that defendant Lorenzo Tucker's Motion for Accreditation of Jail Time (ECF No. 289) is **DENIED**.

Dated this 16th day of January, 2020.

_____
Kent J. Dawson
United States District Judge